UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-154-GWU

STEPHEN R. SMALLWOOD,                          PLAINTIFF,

VS.              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

## INTRODUCTION

Stephen Smallwood brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

      Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

      Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-154 Smallwood

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smallwood, a 40-year-old former finance counselor with a high school education, suffered from impairments related to chronic low back pain and an adjustment disorder with myofascial pain. (Tr. 17, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 18-19).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-21).  The ALJ based this decision, in large part, upon the opinion of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the

court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ did not deal properly with the evidence of record relating to Smallwood's physical status. The hypothetical question presented to Vocational Expert Linda Sparrow included an exertional limitation to light level work restricted from a full range by a limitation to low stress work. (Tr. 457). However, examination of the medical record reveals the existence of a number of non-exertional physical limitations which were not presented by the ALJ. Therefore, the hypothetical question did not fairly depict the plaintiff's condition.

Dr. K.M. Monderewicz, an examining consultant, evaluated Smallwood and diagnosed chronic low back pain with a history of a compression fracture at L2, hypertension and a history of asthma. (Tr. 192). Dr. Monderewicz was the only treating or examining source to identify specific functional limitations. The doctor opined that the plaintiff would be "moderately to severely" restricted in his ability to perform bending, walking, sitting, lifting, carrying heavy objects, climbing, crawling, and squatting. (Id.). Dr. Monderewicz identified a number of non-exertional physical restrictions which were not presented to the vocational expert. Thus, this opinion does not support the administrative decision.

Dr. Mary Stubbs and Dr. Ron Brown, the non-examining medical reviewers, were the only other physicians of record to specifically address the issue of

07-154  Smallwood

Smallwood's physical restrictions.  Each reviewer limited the plaintiff to light level work reduced from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; and (3) a need to avoid concentrated exposure to hazards.  (Tr. 193-201, 236-244).  These extensive non-exertional physical limitations were also not presented to the vocational expert.  Thus, these reports also do not support the administrative decision.

Smallwood was seen during the time frame pertinent to this appeal[1] by the staff at the Clark Regional Medical Center (Tr. 125-129, 182-184), the staff at the Pain Treatment Center of Northern Kentucky (Tr. 130-181), Dr. Timothy Kriss (Tr. 185-186), Dr. Ballard Wright (Tr. 202-215), the staff at the Family Care Clinic (Tr. 245-252), and the staff at Mary Chiles Hospital (Tr. 187, 253-391), none of which specifically addressed the issue of the physical limitations afflicting the plaintiff. Since the vocational factors of the hypothetical question were not consistent with the findings of any of the medical professionals of record, the hypothetical question was not supported by substantial evidence.  Therefore, remand of the action for further consideration is required.

---

[1]The plaintiff alleged a disability onset date of January 6, 2004 on his DIB application.  (Tr. 48).  The relevant time period would run through the August 24, 2006 date of the ALJ's denial decision.

07-154 Smallwood

The court notes in passing that the ALJ gave a great deal of weight to the opinion of Psychologist Jonathan Cole. Cole examined the plaintiff and diagnosed a pain disorder and an adjustment disorder. (Tr. 217). Cole opined that due to the claimant's financial situation,[2] he had no incentive to get better. (Id.). The ALJ took this into consideration in considering Smallwood's credibility. (Tr. 19). However, this statement alone would not be sufficient to offset the opinions of the medical doctors who addressed the plaintiff's physical problems. Cole performed only a mental health examination and not a physical examination. (Tr. 216-217). Significantly, despite his concerns about Smallwood's motivation, the examiner did not state that the claimant would have no non-exertional physical restrictions. (Id.). The ALJ should at least have sought the advice of a medical advisor if she did not think that the opinions of the medical doctors who had considered the plaintiff's physical condition were well-supported.

The court notes that the ALJ did not indicate why she was rejecting the opinions of the medical reviewers or even mention them in her denial decision. (Tr. 14-21). However, the administrative regulations recognize that the medical reviewers are highly qualified experts in the area of disability evaluation and require that these reports be considered as opinion evidence. 20 C.F.R. Section

---

[2]The claimant was receiving disability insurance payments which would end if he went back to work and was concerned he could not obtain another job at his previous level of financial compensation. (Tr. 217).

07-154 Smallwood

404.1527(f)(2)(I). Unless the opinion of a treating source is given controlling weight, an ALJ is required to explain the weight given to the opinion of the medical reviewers. 20 C.F.R. Section 404.1527(f)(2)(ii). The ALJ obviously did not follow the agency's own procedural regulations in this action. The Sixth Circuit Court of Appeals has found that the agency's failure to follow its own procedural regulations can constitute reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). Therefore, this error also provides a ground for a remand of the action.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 26th day of March, 2008.

Signed By:

G. Wix Unthank 

United States Senior Judge